Correction Officers' Benevolent Assn., Inc. v City of New York (2021 NY Slip Op 00109)





Correction Officers' Benevolent Assn., Inc. v City of New York


2021 NY Slip Op 00109


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 24054/16E Appeal No. 12849 Case No. 2019-03641 

[*1]Correction Officers' Benevolent Association, Inc., et al., Plaintiffs-Respondents,
v
City of New York, Defendant-Appellant.


James E. Johnson, Corporation Counsel, New York (Kevin Osowski of counsel), for appellant.
Karasyk & Moschella, LLP, New York (John W. Burns of counsel), for respondents.



Order, Supreme Court, Bronx County (RubÉn Franco, J.), entered on or about July 15, 2019, which denied defendant City's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiffs seek a declaration that the City is in violation of the New York State Public Employee Safety and Health Act (PESHA) (codified at Labor Law § 27-a), as well as the Workplace Violence Prevention Law (WVPL) (codified at Labor Law § 27-b), as a result of its failure to furnish a work environment free from recognized hazards that are likely to cause correction officers death or serious physical harm. They seek an order directing the City to provide correction officers assigned to guard violent inmates with the type of training and equipment that Emergency Service Unit correction officers receive, including spit-masks, mittens, and enhanced restraints, and to require the City to promulgate and implement a sufficient workplace violence protection plan.
These claims are not justiciable. In seeking an order that would require the Department of Correction (DOC) to make specific decisions on staffing, training, and equipment, plaintiffs would have the courts involved in the management of DOC policy, thereby interfering with the discretion granted to DOC under the New York City Charter (see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 238-240 [1984]). Unlike the claims brought in Center for Independence of the Disabled v Metropolitan Transp. Auth. (184 AD3d 197 [1st Dept 2020]), plaintiffs' claims, that DOC's current training/equipment scheme for correction officers fails to satisfy the statutory safe workplace requirement, are not well suited for judicial review, because they do not involve the protection of a fundamental right to be free from discrimination but would instead embroil the judiciary in extensive consideration of policy, and the remedy sought would require the courts to take on the improper task of mandating the specifics of DOC's plans and operations.
We note that the complaint fails to state a cause of action under either PESHA or WVPL. PESHA's right of action applies to claims associated with injuries or risks from common occupational hazards, not with injuries or risks arising from the specific hazards inherent to law enforcement work alleged in the complaint (see Williams v City of New York, 2 NY3d 352, 368 [2004]). WVPL sets forth a detailed process for
addressing employee grievances about their employer's compliance therewith and neither authorizes nor implies a private right of action (see Labor Law §§ 21; 27-b[6]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021